IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORLIVEETHO MCMILLIAN, | : | CIVIL ACTION |
| | : | NO. 17-3796 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREL HARRY, et al., | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this **25th** day of **March, 2019**, upon consideration of Petitioner's § 2254 Petition (ECF No. 1), Respondent's Response in Opposition (ECF No. 12), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 13), and Petitioner's objections thereto (ECF No. 16), it is hereby **ORDERED** as follows:

(1) Petitioner's Objections are **OVERRULED**;[1]

---

[1] Magistrate Judge Wells recommended that the Petition be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, finding no grounds for statutory or equitable tolling. See ECF No. 13. Petitioner timely filed objections to the R&R. ECF No. 16. See E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b). The Court has conducted a de novo

review of the portion of the R&R pertaining to the objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After ruling on the objections, the Court agrees with the R&R's conclusion that the Petition was untimely and should be dismissed.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is subject to AEDPA's filing requirements. See 28 U.S.C. § 2244(d). AEDPA has a one-year limitations period that is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner qualifies for equitable tolling only if he is able to prove: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Additionally, "actual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations." See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To prove actual innocence, a petitioner must show new, reliable evidence and "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner raises five objections to the R&R. For the reasons explained below, the Court will overrule the objections. Each objection is addressed in turn.

Objection #1

Petitioner first objects to the R&R's conclusion that he admitted in his Petition that his alleged mental incompetence was resolved in 2015. Pet. Obj. at 1. In his Petition, Petitioner stated that "there is no way now that [his] mental competency [sic] in 1984 through 2015 can be determined." ECF No. 1 at 14. In his Objections, Petitioner explains that this statement was to provide a "timeframe . . . to demonstrate how insurmountable the challenge of assessing his mental incompetence will be . . . now that so much time has passed," and that the statement was not an admission that his mental incompetency was resolved in 2015. Pet. Obj. at 1.

The Court acknowledges that merely stating a time-window of 1984 to 2015 does not necessarily mean that Petitioner admitted to the resolution of any mental incompetency. But the Court further observes that this finding has no bearing on the R&R's legal reasoning for the reasons that follow.

To start, Petitioner first filed a PCRA petition in 1997 that was denied as meritless. The Pennsylvania Superior Court

affirmed the denial in 1998. Under AEDPA, Petitioner had one year from 1998 to file his § 2254 federal habeas petition. Therefore, that deadline passed in 1999.

Next, Petitioner filed a second PCRA petition in 2002 that was dismissed as untimely. In 2003, the Pennsylvania Superior Court affirmed that dismissal. The second PCRA petition was followed by a third PCRA petition in 2015 that was similarly dismissed as untimely. In 2016, the Pennsylvania Superior Court affirmed that dismissal. So, what does the narrative of the three PCRA petitions mean for purposes of Petitioner's § 2254 petition currently before the Court?

The Court answers that question by assuming, for the sake of argument, that Petitioner was entitled to some form of equitable tolling based upon his alleged mental incompetency from 1999 to 2015. Such equitable tolling would have begun in 1999 when the deadline for filing a § 2254 petition passed and ended in 2015 when Petitioner filed his third PCRA petition. The equitable tolling would have ended in 2015 because any impediment to filing a petition was necessarily removed in 2015 when Petitioner filed his third PCRA petition. With the assumed impediment to filing removed in 2015, Petitioner then had one year under AEDPA in which to file his § 2254 petition. He failed to do so, filing the instant petition in 2017.

Without any evidence of an impediment to support additional equitable tolling through the date Petitioner filed his § 2254 petition in 2017, the petition is untimely. The Court further notes that the assumption discussed above regarding an alleged impediment from 1999-2015 is also based on an allegation for which no support was provided. For the foregoing reasons, the R&R's finding that his alleged mental incompetency was resolved in 2015 is irrelevant.

Therefore, the Court overrules the objection because it has no bearing on the R&R's legal reasoning.

### Objection #2

Petitioner objects to the R&R's conclusion that he failed to provide evidence to support his claim of mental incompetence post-conviction. Pet. Obj. at 1-2. In support of his alleged mental incompetence, Petitioner has only offered the testimony of his trial counsel from a Post-Verdict Motion hearing held in 1986. ECF No. 1, Ex. A. When questioned about Petitioner's decision to waive a jury trial, trial counsel stated that Petitioner "had a difficulty understanding almost everything [counsel] said to [Petitioner] regardless of the number of times that [counsel] said it." Id. At best, trial counsel's testimony could only support a contention of mental incompetence at the time of trial. Petitioner, however, argues that evidence of mental incompetence at trial is evidence of current

3

mental incompetence. ECF No. 16 at 2. This line of reasoning is without merit. Evidence that might show mental incompetence at the time of trial does not mean that Petitioner was unable to assert his rights in a timely manner. As the Third Circuit has observed, "[m]ental incompetence is not a per se reason to toll the statute of limitation, but tolling may be appropriate if there is evidence that an individual's mental status prevented him from asserting his rights." United States v. Johnson, 734 F. App'x 153, 159 (3d Cir. 2018) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)).

In assessing whether equitable tolling in available due to mental incompetency, courts consider "whether the petitioner has been adjudicated incompetent, and if so, when in relation to the habeas statutory period; whether petitioner has been institutionalized for his/her mental impairment; whether petitioner has handled or assisted in other legal matters which required action during the limitations period; and whether petitioner's allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication." Pugh v. Mechling, No.Civ. 3:CV-04-448, 2006 WL 931868, at *3 (M.D. Pa. Apr. 11, 2006) (internal citation and quotation marks omitted). Here, all of the factors militate against equitable tolling.

The Court notes that Petitioner also argues that he suffers from schizophrenia, major psychosis, and major depression, and that he resides in the Residential Treatment Unit of the Department of Corrections for inmates with serious mental health needs. ECF No. 16 at 2. But a "passing reference . . . to schizophrenia" as well as, in this case, major psychosis and major depression "does not make a threshold showing of mental incompetence sufficient to toll the habeas statute of limitations." Report and Recommendation, Griffin v. Stickman, No. Civ. A. 04-975, 2004 WL 1821142, at *7 (E.D. Pa. Aug. 11, 2004) (approved and adopted Sept. 4, 2004). Further, merely "lack[ing] the clarity of thought necessary to recognize the need to file a § [2254] motion" is insufficient when there is no "particular evidence to show that [Petitioner's] mental illness prevented him from asserting his rights." Johnson, 734 F. App'x at 159. In other words, as Magistrate Judge Wells correctly observed, the record is devoid of evidence substantiating Petitioner's claims of mental incompetence post-conviction, and there is simply no evidence that Petitioner's mental condition prevented him from timely filing the Petition. Therefore, in the absence of any evidence of post-conviction mental incompetence impeding Petitioner's ability to file his habeas petition timely, the Court overrules the objection.

Objection #3

Petitioner objects to the R&R's conclusion that his lack of diligence forecloses equitable tolling. Pet. Obj. at 2. Petitioner

4

argues that his alleged mental incompetence prevented him from satisfying the diligence requirement and instead the requirement must be "lowered." Id. This argument is unpersuasive. As explained above in the Court's discussion of Objection #1, Petitioner was able to resume filing in 2015, but the § 2254 petition was not filed until 2017. In other words, he waited two years before seeking federal habeas relief once he regained his ability to file. Much shorter delays than two years have foreclosed equitable tolling. See Pace, 544 U.S. at 419 (finding that equitable tolling did not apply where the petitioner delayed five months in filing his habeas petition). Regardless, at best, the objection is moot because Petitioner did not suffer extraordinary circumstances that would otherwise make equitable tolling available. See Holland, 560 U.S. at 649 (explaining that the petitioner must show both that he was diligently pursuing his rights and that extraordinary circumstances prevented timely filing). As previously discussed, the Third Circuit has explained that mental incompetence does not per se entitle an individual to equitable tolling. Johnson, 734 F. App'x at 159. The mere existence of mental incompetence does not by itself create an extraordinary circumstance. Further, without a nexus between the alleged mental incompetence and the delay in filing, "merely lack[ing] the clarity of thought necessary to recognize the need to file a § [2254] motion" is insufficient to warrant equitable tolling. Id. For the foregoing reasons, the Court overrules the objection.

Objection #4

Petitioner objects to the conclusion that he does not qualify for the actual innocence exception because he has not offered any new evidence. Pet. Obj. at 3. This exception, in appropriate cases, may serve as a "gateway" to judicial review of an untimely habeas petition. See Schlup, 513 U.S. at 316 (discussing that in cases where a claim is procedurally defaulted "if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims"); see also McQuiggan, 569 U.S. at 386 ("We caution . . . that tenable actual-innocence gateway pleas are rare . . . ."). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (emphasis added) (citing Schlup, 513 U.S. at 324).

Petitioner argues that he did not understand the significance of trial counsel's testimony about Petitioner's difficulty understanding trial counsel until recently with the help of

a fellow inmate. Pet. Obj. at 3. But this explanation does not overcome the threshold requirement for actual innocence: a showing of "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 at 324; see also Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004) (discussing that a petitioner's "own late-proffered testimony is now 'new' because it was available at trial"). Trial counsel's testimony is not new as any breakdown in communication with Petitioner was both known and available at trial to trial counsel. The Court notes that the Third Circuit has recently held that in the actual innocence context evidence may be considered "new" if it was not presented at trial, even if known and available at the time of trial, "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover the very exculpatory evidence on which the petitioner relies to demonstrate his actual innocence." Reeves v. Fayette SCI, 897 F.3d 154, 163-65 (3d Cir. 2018). But even if the Court considered the testimony of trial counsel "new" in light of Reeves, as discussed further below in response to Objection #5, Petitioner's alleged mental incompetence at trial is simply not exculpatory evidence. Therefore, the Court overrules the objection.

Objection #5

Petitioner objects to the R&R's conclusion that proof of mental incompetence at trial does not demonstrate his factual innocence. Pet. Obj. at 4. Although Petitioner has offered testimony of trial counsel that Petitioner had difficulty understanding counsel regarding the difference between a jury trial and a bench trial, there is no evidence demonstrating mental incompetence at the time of the murder.

Further, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998) (internal quotation marks omitted). Petitioner argues that his alleged mental incompetence necessarily precludes the intent required for first-degree murder. Pet. Obj. at 4. But in making this argument, Petitioner is contesting his degree of culpability based upon an inability to formulate the specific intent to kill; he is not arguing that he is indeed innocent. See Commw. v. Sanchez, 82 A.3d 943, 977 (Pa. 2013). In fact, at trial, Petitioner admitted to stabbing the victim. Therefore, as there is no evidence of factual innocence, the Court overrules the objection.

The Court finds that the R&R correctly concluded that neither equitable tolling nor the actual innocence exception applies. Therefore, the petition is time-barred.

6

(2) The Report and Recommendation is **APPROVED** and **ADOPTED**;

(3) The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** without an evidentiary hearing;

(4) A certificate of appealability shall not issue;[2] and

(5) The Clerk shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds alone, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court agrees with Magistrate Judge Wells that no reasonable jurist could find the procedural rulings debatable and that no such certificate of appealability is warranted in this action.